CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 06 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RANDY MORINGS, | ) | Civil Action No. 7:16-cv-00139 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MS. D. WELLS, | ) | By: Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Randy Morings, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming D. Wells as the sole defendant. Plaintiff alleges that Wells, who is the Health Authority at River North Correctional Center ("RNCC"), exhibited deliberate indifference to a serious medical need in violation of the Eighth Amendment of the United States Constitution. Wells filed a motion for summary judgment, (ECF No. 26), to which Plaintiff responded. (ECF No. 33.)[1] Morings also filed a motion to amend the complaint. (ECF No. 30.) The court thereafter directed Wells to supplement her motion for summary judgment, which she did, and Plaintiff responded in opposition, indicating for a second time that he would like to amend the complaint, this time naming some different defendants. (ECF No. 41.) After reviewing the record, the court denies Morings' first motion to amend, (ECF No. 30), grants Wells' motion and supplemental motion for summary judgment, (ECF Nos. 26 and 38), and allows Plaintiff to file an amended complaint as requested in ECF No. 41.

---

[1] Plaintiff also filed a reply to the defendants' answer that the court had not authorized in accordance with Federal Rules of Civil Procedure 7(a)(7) and 12(a)(1)(C). See Fed. R. Civ. P. 7(a). Consequently, that reply does not constitute a pleading that is allowed under the Federal Rules of Civil Procedure or that is afforded liberal construction, and the court does not consider it. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." (alteration added; footnote number omitted)); Jourdan v. Jabe, 951 F.2d 108, 109-10 (6th Cir. 1991) (holding that a pro se litigant is not entitled to special consideration to excuse a failure to follow a straightforward procedural requirement that a lay person can comprehend as easily as a lawyer); Sherrill v. Holder, No. 12-00489, 2013 U.S. Dist. LEXIS 190373, at *1, 2013 WL 11316921, at *1 (D. Az. June 25, 2013) ("This Court did not grant Plaintiff leave to file a reply to Defendant's Answer. Further, the Court does not find any basis to permit Plaintiff to file a reply to the Defendant's Answer in this case. As such, Plaintiff's Response to Defendant's Answer is stricken from the record."). Nonetheless, Plaintiff is not prejudiced because "[i]f a responsive pleading is not required, an allegation is considered denied or avoided." Fed. R. Civ. P. 8(b)(6).

# I.
## A.

Plaintiff alleges the following facts in the complaint:

> On July 8, 2015, I was placed in Special Housing Unit (SHU) for a Disciplinary Infraction and while in SHU I told the nurse that I was having a lot of "pain" in my right arm. The nurse told me that it was just bruised. After about a week had passed[,] my arm was still hurting and the swelling had not gone down. I wrote a request form to the nurse and asked to be seen. I got the request form back and was informed that I will be on the list to be seen. However, after about 2 weeks had passed[,] I had not yet seen the doctor, so I wrote another request for medical attention on August 13, 2015 and was told I have been scheduled for an appointment. On October 6, 2015, I finally went and seen the doctor after waiting over 90 days, was given an X-ray and the test revealed that my arm was broken. This was determined by Dr. Stevens. On October 19, 2015, some (13) days later, I still have not receive medical treatment for my broken arm, so I then wrote an informal complaint attesting the denial of ... RNCC[] Medical Department not rendering the correct medical services for a broken elbow/arm. Ms. D. Wells, Registered Nurse (RN)[,] stated in response to my informal complaint that "you were seen by the nurse in October for an injury that occurred 4-months prior; the Radiologist Report stated old fracture-no new fracture[."] So on October 30, 2015, I filed a grievance contesting the Deliberate and Indifferent ... denial of Medical Health Care service for a Serious Medical Condition (i.e. broken/fractured elbow).
>
> * * *
>
> My complaint is that I was provided inadequate medical attention for a serious medical need. The nurse told me that my arm was bruised when in fact it was broken. She provided a medical opinion without, however, any medical test being conducted. After being informed by Dr. Stevens that my arm was broken[,] I was not given any treatment to fix the break. My arm is now permanently damaged beyond repair.

(Compl. 2-3.) Plaintiff demands $350,000 and, if possible, surgical repair of the broken arm.

As the RNCC Health Authority, Wells responds to inmates' informal complaints and requests about their healthcare. Wells does not routinely assess or administer medical treatment to inmates. Wells avers that she did not have any involvement with Plaintiff or the medical care rendered on July 8, 2015. Wells avers that her only involvement with Plaintiff's broken arm was

2

responding to the two informal complaints filed in October and November 2015 after reviewing the medical record. Plaintiff does not allege that Wells responded to the request forms he filed in July and August 2015 about delayed treatment.

## B.

Plaintiff's medical records reflect Nurse Walls examined Plaintiff on July 8, 2015. Plaintiff complained of right arm and shoulder pain, and Nurse Walls noted that the area near the right elbow was "slightly swollen," Plaintiff could bend his arm and move his fingers, Plaintiff did not complain of numbness or tingling, and a neurovascular exam was within normal limits.

Plaintiff presented for a sick call on October 6, 2015, complaining of tingling in his fingers and recurring pain, swelling, and tenderness.[2] An X ray was taken of his arm, and he was instructed to contact the medical department if pain or swelling persisted. The X ray revealed an obvious fracture, but medical staff waited for a radiologist's official report to arrive two days later to confirm the initial impression.

Staff submitted a consultation request for Plaintiff to meet with an orthopedist outside the prison. Plaintiff met with the outside orthopedist on December 16, 2015, nearly seventy days after the X ray report confirmed a fracture. Surgery on his elbow occurred in January 2016 per the orthopedist's recommendation.

## C.

The court had ordered Wells to review Plaintiff's prison records and to disclose Plaintiff's written requests for medical treatment between July 8 and October 6, 2015. Wells responded that Plaintiff did not use grievances to complain of access to medical services until October 26, 2015, when he filed an informal complaint.

---

[2] The medical record also notes that Plaintiff was already receiving ibuprofen as of October 6, 2015.

Plaintiff did file three requests for medical service that were responded to on August 1, August 14, and September 8, 2015. Nurse Walls answered the first request, and former lab technician S. Lark answered the last two requests. Wells notes, "Although [Plaintiff] was advised that he had been or would be scheduled for a medical appointment, this was not done. I have no explanation for that oversight and was previously unaware of those requests."

## II.
### A.

Wells argues in her motion for summary judgment that she is entitled to qualified immunity. Qualified immunity permits "government officials performing discretionary functions . . . [to be] shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); see Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (recognizing a party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant). "Material facts" are those facts necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant

4

satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995); Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

**B.**

Plaintiff fails to establish that Wells acted with deliberate indifference to a serious medical need. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52.

5

It is undisputed that Wells was not the nurse who initially diagnosed Plaintiff in July 2015, and Plaintiff fails to establish that Wells deliberately interfered with treatment or tacitly authorized or was deliberately indifferent to a medical provider's misconduct when even a lay person would understand that the medical provider is being deliberately indifferent. See id. at 854. Nurse Walls saw Plaintiff first and noted in the medical record that Plaintiff was able to bend his arm, move his fingers, had no numbness or tingling, and had a normal neurovascular exam despite slight swelling near his right elbow. It would not be apparent to either a lay person or a reasonable person reviewing the record that Plaintiff had a broken arm requiring further medical treatment. Wells, as a supervisory official, was entitled to rely on the professional judgment of trained medical personnel to diagnose the arm in July 2015. Id.

Plaintiff further fails to establish that Wells was responsible for any delay for treatment between July and December 2015. A significant delay in the treatment of a serious medical condition may, in the proper circumstances, indicate an Eighth Amendment violation. See Estelle, 429 U.S. at 104-05 (holding that deliberate indifference may be demonstrated by "intentionally denying or delaying access to medical care"). However, Plaintiff fails to establish how Wells ignored, delayed, or otherwise was deliberately indifferent to a serious medical need for treatment or an appointment during that time. Although Plaintiff argues that Wells is liable for any act or omission by a subordinate or by the medical department generally, that argument does not afford him relief via § 1983. Supervisory liability under § 1983 may not be predicated on the theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7, 691-94 (1978); Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001); Shaw v. Stroud, 13 F.3d

791, 799 (4th Cir. 1994). Accordingly, Wells is entitled to qualified immunity and summary judgment.

### III.

Plaintiff filed a motion to amend the complaint to join additional claims and parties. (ECF No. 30.) In addition Nurse Wells, the defendant named in Morings' initial complaint, he proposes to add Harold Clarke, the Director of the Virginia Department of Corrections ("VDOC"); J. Walrath, Warden of RNCC; the unnamed Grievance Coordinator at RNCC; an unnamed VDOC Regional Ombudsman; Dr. Stevens, the facility doctor at RNCC; and Nurse Walls, who diagnosed Plaintiff in July 2015. With the exception of Nurse Walls, Plaintiff wants to sue most of the proposed defendants because he believes they supervise operations at RNCC.

The motion to amend is denied as futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (noting a court should freely give leave when justice so requires absent some reason like the futility of the amendment). The motion to amend does not allege any new facts involving Wells, and consequently, it does not cure the deficiencies as to Wells already noted in this opinion.

The motion to amend also fails to state claims against the defendants as to which he alleges supervisory liability. "While a complaint . . . does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do[,]" and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff does not establish a basis for personal knowledge for his general conclusions that the proposed defendants were "aware" of inmates' difficulties in receiving medical treatment. Instead, Plaintiff bases his allegations on mere speculation, labels, and conclusions. See, e.g., id. Furthermore, it is insufficient to merely parrot

7

the elements for supervisory liability described in Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), and he cannot proceed against Wells or the other alleged supervisory defendants under a theory of respondeat superior. See, e.g., id.; Monell, 436 U.S. at 663 n.7. Moreover, "[a] superior's after-the-fact denial of a grievance [or response to a letter] falls far short of establishing § 1983 liability." DePaola v. Ray, No. 7:12cv00139, 2013 U.S. Dist. LEXIS 117182, at *23, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) (Sargent, M.J.) (citing Brooks v. Beard, 167 F. App'x 923, 925 (3rd Cir. 2006)). As to the alleged supervising defendants, the motion to amend is denied as futile.[3]

## IV.

When a pro se "litigant has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). Plaintiff notes in his response to the supplemental motion for summary judgment that he would like the opportunity to proceed against Walls and Lark. Consequently, the court grants Plaintiff twenty-one days to file a motion to amend with a proposed amended complaint that names Walls and Lark as defendants and states a claim upon which relief may be granted. Failing to comply within the time allowed will result in final judgment being entered in this case.

---

[3] As to Nurse Walls, because the court is granting Morings' second motion for leave to amend contained in his opposition to the supplemental motion for summary judgment, (ECF No. 41), his first motion for leave to amend as to her is denied as moot.

8

## V.

For the foregoing reasons, the court denies the motion to amend, (ECF No. 30), as both futile and moot; grants Wells' motion and supplemental motions for summary judgment, (ECF Nos. 26 and 38), and grants Plaintiff leave to amend his complaint as to Walls and Lark as requested in ECF No. 41.

ENTER: This 5th day of July, 2017.

/s/ Michael F. Urbanski
United States District Judge